Josephine C. BROECKERT, Plaintiff,

v.

Louis W. SULLIVAN, Defendant.

No. 90–C–448–S.

United States District Court,
W.D. Wisconsin.

Oct. 31, 1990.

Jeffrey Spitzer–Resnick, Center for Public Representation, Madison, Wis., for plaintiff.

Cheryl B. Schacht, Asst. U.S. Atty., Madison, Wis., for defendant.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff Josephine C. Broeckert brings this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of defendant Secretary of Health and Human Services denying her request that the defendant waive recovery of an over-payment of Social Security benefits. Specifically, plaintiff contends that recovery by the defendant of benefits she received would "be against equity and good conscience" within the meaning of 42 U.S.C. § 404(b). Therefore, she should be entitled to retain the benefits.

Plaintiff has twice convinced Administrative Law Judges of the merits of her position. In each case, however, the Appeals Council for the Office of Hearings and Appeals rejected the determinations made by the Administrative Law Judges holding that equity and good conscience did not require waiver of the excess benefit recovery. The Appeals Council issued its final decision on April 17, 1990, holding that recovery of the overpayment would not be waived.

The facts underlying the overpayment to the plaintiff and her husband are not in dispute. In 1979 plaintiff's tax accountant erroneously transposed the Social Security numbers of plaintiff and her husband. As a result plaintiff's income was improperly attributed to plaintiff's husband's Social Security Account and he was overpaid $2,725.50 for the period of January 1980 through February 1984. Plaintiff's husband refunded this amount when requested by the Social Security Administration. The Social Security Administration repeated its error during the period January 1982 through October 1987 by paying plaintiff's husband excess benefits of $1,722.00. Plaintiff's husband died in October 1987 and for the period November 1987 through

February 1988 plaintiff was overpaid $108.00.

Plaintiff does not allege that she would undergo hardship by the repayment of the money. The Appeals Council found and defendant admits that plaintiff was without fault in creating the overpayment.

## MEMORANDUM

This Court's review of the Secretary's factual findings is limited to a determination of whether the Secretary's findings are supported by substantial evidence based on the record as a whole. Substantial evidence means such relevant evidence a reasonable mind might accept as adequate to support a conclusion. *Whitney v. Schweiker*, 695 F.2d 784 (7th Cir.1982). Concerning questions of law, deference is given to the administrative agency's interpretation of statutes and regulations governing the program it administers. *Rosado v. Wyman*, 397 U.S. 397, 415, 90 S.Ct. 1207, 1219, 25 L.Ed.2d 442 (1970).

It is plaintiff's position that she is entitled to retain the money based upon the proper interpretations of the statutes and regulations governing repayment of excess benefits. Additionally, plaintiff urges the Court that justice and morality support a waiver of repayment. Because the Court finds that the applicable statutes and regulations do not require a waiver of repayment and that justice and morality, as well as equity and good conscience, require repayment, the decision of the Secretary is affirmed.

### Applicable Statutes and Regulations

Recovery of excess Social Security benefits is governed by 42 U.S.C. § 404, which provides in relevant part:

(a)(1) Whenever the Secretary finds that more or less than the correct amount of payments has been made to any person under this title, proper adjustment or recovery shall be made, under regulations prescribed by the Secretary, as follows:

(A) With respect to payment to a person of more than the correct amount, the Secretary shall decrease any payment under this title to which such overpaid person is entitled, or shall require such overpaid person or his estate to refund the amount in excess of the correct amount, or shall decrease any payment under this title payable to his estate or to any other person on the basis of the wages and self-employment income which were the basis of the payments to such overpaid person, or shall apply any combination of the foregoing.

\* \* \* \* \* \*

(b) In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this title or would be against equity and good conscience....

Pursuant to these sections the defendant has promulgated regulations which further interpret the terms "without fault" and "against equity and good conscience."

The following regulations are relevant: 20 C.F.R. § 404.510a:

... Where an individual or other person on behalf of an individual accepts such overpayment because of reliance on erroneous information from an official source within the Social Security Administration ... with respect to the interpretation of a pertinent provision of the Social Security Act or regulations pertaining thereto, ... such individual, in accepting such overpayment, will be deemed to be "without fault."

20 C.F.R. § 404.512:

(a) In the situations described in §§ 404.510(a)(b) and (c) and 404.510a, adjustment or recovery will be waived since it will be deemed such adjustment or recovery is "against equity and good conscience."

■ Based upon these provisions the plaintiff argues that she is entitled to waiver of repayment. Specifically, plaintiff contends that the benefit statements she received along with the checks constituted "erroneous information from an official source within the Social Security Adminis-

tration with respect to the interpretation of a pertinent provision of the Social Security Act or regulations pertaining thereto." Accordingly, plaintiff contends that provision 404.512 requires waiver of repayment.

The Appeals Council in its April 17, 1990 decision rejected this position, concluding as follows:

> In the opinion of the Appeals Council, the routine notices which were provided to the claimant and the deceased wage earner regarding benefit rates were not misinformation from an official source within the Social Security Administration with respect to the interpretation of a pertinent provision of the Social Security Act or regulations pertaining thereto. Rather, these were routine notices concerning their benefit rates, and in no way reflected an interpretation of the Act or regulations.

This Court agrees with the interpretation advanced by the Appeals Council in its decision. Benefit statements routinely sent with benefit checks cannot reasonably be classified as an interpretation of the Act or its regulations. Indeed, if this interpretation were applied it would virtually eliminate the right of the government to ever recover benefit overpayments. Plaintiff's interpretation is unreasonable.

In addition, this Court affords deference to the interpretation by the Secretary of the regulations promulgated by the Social Security Administration. *Rosado*, 397 U.S. at 415, 90 S.Ct. at 1219 (1970). The interpretation advanced by the Secretary is entirely reasonable and is adopted by the Court.

*Against Equity and Good Conscience*

■ Assuming the Secretary's interpretation of his agency's regulations is correct, plaintiff contends such regulations are in violation of the language and intent of the underlying Act. Plaintiff notes that when determining whether something is against equity and good conscience, the factfinder "will draw upon precepts of justice and morality as the basis for his ruling." *Citing Gilles v. Department of Human Resources Development*, 11 Cal.3d 313, 322–3, 113 Cal.Rptr. 374, 521 P.2d 110

(1974). Plaintiff asserts that because the payments were mistakenly sent to her through the fault of the Social Security Administration and through no fault of her own, and because it has caused her considerable inconvenience to try to retain the proceeds, "equity and good conscience simply cry out in this case for plaintiff's overpayment to be waived."

To the contrary, the Court finds that plaintiff's view of "equity and good conscience" is distorted. If you receive something that belongs to someone else, you must give it back. Most children learn this fundamental precept of justice and morality before they attend school. Plaintiff would make an exception to this rule in cases where the government owns the property which was undeservedly received. The Court finds that no justification for treating the government differently from any other person who mistakenly overpays money. Equity does not permit the person to retain funds to which she has no entitlement simply because the person who paid the funds made a mistake in doing so. The Court emphatically rejects the "finders keepers, losers weepers" philosophy which plaintiff improperly characterizes as a precept of justice and morality.

Equity and good conscience require repayment of the funds received by the plaintiff.

## ORDER

IT IS ORDERED that the decision of the Secretary is AFFIRMED.